```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    ASHEVILLE DIVISION
                    1:09CV370-MU-02
```

| | |
|---|---|
| **RODNEY MOUCELL JONES,** )<br>)<br>    **Plaintiff,** )<br>)<br>     v. )<br>)<br>**VAN DUNCAN, Sheriff of Bun-** )<br>  combe County, )<br>    **Defendants.** )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed September 28, 2009. For the reasons stated herein, Plaintiff's action will be dismissed.

By his Complaint, Plaintiff alleges that Defendant Duncan acted in concert with others to violate certain of his constitutional rights. More particularly, Plaintiff claims that on August 16, 2009, he was arrested pursuant to various warrants and placed in the Buncombe County Detention Facility; that he was placed under an "excessively high" bail; that on September 4, 2009, he was escorted by Defendant Duncan "and/or agents of defendant" to a holding cell for the purpose of attending a previously scheduled probable cause hearing; that after waiting several hours, he was told that his case was continued, and he was returned to the Detention Facility; and that on such

occasion, he was not allowed to enter the courtroom, speak with his attorney or have a probable cause determination. As such, Plaintiff claims that Defendant Duncan and his "agents" have violated several of his constitutional rights, including his rights to a hearing within 21 days of arraignment, to access the courts, to be free from excessive bail. Plaintiff asks this Court to enter an injunction ordering Defendant to "refrain from detaining [him] without probable cause . . . [and] denying [him] his rights to attend scheduled court hearings," to grant him an unspecified amount of compensatory damages, and to grant him hundreds of thousands of dollars in punitive damages. Suffice it to say, however, Plaintiff has failed to state a constitutional claim for relief.

Generally speaking, a complaint must be dismissed as frivolous if it lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); accord Denton v. Hernandez, 504 U.S. 25, 32 (1992). Thus, a complaint may be dismissed where the plaintiff's factual allegations are "clearly baseless" or otherwise fail to state a federal claim for relief. Neitzke, 490 U.S. at 324-27 (28 U.S.C. § 1915(e) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). In

2

determining whether a complaint is factually frivolous, a district court is not required to "accept without question the truth of plaintiff's allegations," but rather is permitted to apply common sense, reject the fantastic, and take into account judicially noticeable facts. Denton, 504 U.S. at 32-33. Thus, to survive a review for factual frivolousness, a plaintiff proceeding in forma pauperis, as is in this case, cannot rely merely on "conclusory allegations." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Indeed, the plaintiff "must present more than naked allegations" to survive dismissal. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Here, Plaintiff alleges that Defendant Duncan has acted in concert with others to deny him certain of his rights. However, Plaintiff submitted a copy of the response to his appeal of the denial of his grievance as an attachment to his Complaint, and that document reflects that neither Defendant Duncan nor any other Detention Facility employee had anything to do with his not receiving a probable cause hearing on September 4, 2009.[1] In

---

[1] In response to Plaintiff's appeal of the dismissal of his grievance, Captain Honeycutt advised:

> Mr. Jones, I have spoken to your attorney (Jason Wilson) and he has advised me that you have in fact not missed your probable cause hearing. The District Attorneys [sic] Office has advised Mr. Wilson that you have some indictments coming and did not want to proceed with the probable cause hearing until after the indictments were served on you. Mr. Wilson has assured me that after the indictments are served you will receive a probable cause hearing -- sometime in October.

3

addition, the copy of the response to the first step of Plaintiff's grievance reflects that Lieutenant Hammond encouraged Plaintiff to speak with his attorney if he had any legal questions or other questions concerning his detention; and that Plaintiff actually felt that he was unable to communicate with his attorney due to a disagreement which they experienced, not because of any action by Defendant Duncan.[2]

Apart from his naked assertions of a concerted effort to violate his rights, Plaintiff simply has not alleged a single fact to overcome his own showing that no violations have occurred. Therefore, Plaintiff's conclusory allegations of constitutional violations must flatly be rejected.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED,** ultimately for the plaintiff's failure to state a claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: October 2, 2009

Graham C. Mullen
United States District Judge

---

[2] In requesting an appeal of the initial denial of his grievance, Plaintiff wrote: "I would like to appeal the entire decision, respectfully. My attorney appears to be upset with me, upon my best knowledge and belief, he will not talk to me."

4